Filed 12/15/22  P. v. James CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>DALE JAMES,<br><br>  Defendant and Appellant. | F083664<br><br>(Super. Ct. No. RF008607A)<br><br>**OPINION** |

<u>THE COURT</u>*

APPEAL from a judgment of the Superior Court of Kern County.  Kenneth G. Pritchard, Judge.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen, and Jennifer M. Poe, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*       Before Hill, P. J., Poochigian, J. and Detjen, J.

Defendant Dale James pled no contest as part of a plea deal to multiple charges in two separate cases. He was sentenced to a total term of six years in both cases and ordered to pay various fines and fees, including an installment payment fee pursuant to former Penal Code section 1205.[1] On appeal, he contends any fees imposed pursuant to former section 1205 should be vacated in light of newly enacted legislation. We vacate the portion of the judgment ordering imposition of fees under former section 1205. In all other respects, we affirm.

## PROCEDURAL BACKGROUND[2]

In a prior case, case No. RF008109A,[3] the Kern County District Attorney filed a complaint charging defendant with three drug related offenses and misdemeanor driving with an invalid license. Defendant pled no contest to two counts in exchange for an indicated disposition of probation for three years on condition of serving one year in jail, plus dismissal of two counts and two pending cases. Defendant violated probation, which led to his eventual arrest. Thereafter, new charges were filed against him in the instant case.

In the instant case, case No. RF008607A, the Kern County District Attorney filed a complaint charging defendant with transportation of heroin (Health & Saf. Code, § 11352, subd. (a); count 1), possession of heroin (Health & Saf. Code, § 11351; count 2), transportation of methamphetamine (Health & Saf. Code, § 11379, subd. (a); count 3), and possession of methamphetamine (Health & Saf. Code, § 11378; count 4).

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] Because the issue on appeal relates solely to sentencing, we omit the facts of the underlying offenses.

[3] Defendant appealed his conviction and sentence in case No. RF008109A in a separate appeal, *People v. James* (June 21, 2022, F083611 [nonpub. opn.]). The current appeal is from defendant's sentence in case No. RF008607A. This court granted defendant's request to take judicial notice of the record on appeal in the prior case (F083611).

2.

Defendant was released from custody that same day with a promise to appear for arraignment pursuant to section 853.6. Defendant failed to appear and the court issued a bench warrant for his arrest.

On March 25, 2021, defendant appeared in custody for arraignment and pled not guilty as to all counts.

On April 15, 2021, defendant entered a plea deal in which he pled no contest to count 1 in exchange for the lower term of three years in state prison to run concurrent to the term imposed in case No. RF008109A and the dismissal of counts 2 through 4. He was released from custody pursuant to a *Cruz*[4] waiver and ordered to appear at the probation department within five days. He was advised that if he failed to obey the terms of the *Cruz* waiver, he would be sentenced to the upper term of five years to run consecutive with the term in case No. RF008109A for a total of eight years.

On May 13, 2021, defendant failed to appear for sentencing and the court learned he had not appeared before the probation department in violation of the *Cruz* waiver. The court issued a bench warrant for his arrest and noted there was also an active bench warrant in case No. RF008109A.

On October 21, 2021, defendant appeared in custody for sentencing. As to count 1, he was sentenced to the upper term of five years in county jail. The court imposed a total term of six years on both cases. He was ordered to pay various fines, fees, and assessments, including an installment payment fee pursuant to section 1205 if defendant elected to pay such fines, fees, and assessments in installments.[5]

---

[4]     *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*).

[5]     At sentencing, the court stated the installment payment fee would be waived if defendant paid the fees in one lump sum, but the minute order reflected there would be a $25 lump sum payment fee. Additionally, the court stated it was imposing the installment payment fee pursuant to section 1205, subdivision (b), but the minute order indicated it was imposed pursuant to subdivision (e). We believe the court's statement was erroneous as it was former section 1205, subdivision (e) that provided for installment

3.

On December 2, 2021, defendant filed a notice of appeal.

## **DISCUSSION**

Defendant argues we must vacate the fees imposed pursuant to former section 1205. The People concede, and we agree.

At the time of sentencing, section 1205, subdivision (e) stated: "The defendant shall pay to the clerk of the court or the collecting agency a fee for the processing of installment accounts. This fee shall equal the administrative and clerical costs, as determined by the board of supervisors, or by the court, depending on which entity administers the account. The defendant shall pay to the clerk of the court or the collecting agency the fee established for the processing of the accounts receivable that are not to be paid in installments. The fee shall equal the administrative and clerical costs, as determined by the board of supervisors, or by the court, depending on which entity administers the account, except that the fee shall not exceed thirty dollars ($30)."

In September 2021, the Legislature enacted Assembly Bill No. 177 (2021–2022 Reg. Sess.), which amended section 1465.9 by adding subdivision (b). (Stats. 2021, ch. 257, § 35.) That provision states: "On and after January 1, 2022[,] the balance of any court-imposed costs pursuant to [s]ection … 1205, … as [that] section[] read[s] on December 31, 2021, shall be unenforceable and uncollectible and any portion of a judgment imposing those costs shall be vacated." (§ 1465.9, subd. (b).) The language of section 1465.9, subdivision (b) makes clear that any fees imposed by the trial court under former section 1205 are now unenforceable and uncollectible, and any portion of a judgment imposing those costs shall be vacated.

_____

payment fees. In any event, the new legislative changes apply to former section 1205 as a whole, not one specific subdivision. (See § 1465.9, subd. (b).)

4.

## **DISPOSITION**

The balance of any fees imposed pursuant to former section 1205 that remains unpaid as of January 1, 2021, is vacated.  As so modified, the judgment is affirmed.  The trial court is directed to prepare an amended minute order and forward a copy to the appropriate entities.